**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SANCHEZ SMOTHERMAN #32202-044,  )
                                )
                    Plaintiff,  )
                                )
vs.                             )     Case No. 13-cv-00638-MJR
                                )
JOHN DOE #1, JANE DOE #1,       )
JOHN DOE #2, and                )
WEXFORD MEDICAL CENTER,         )
                                )
                    Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Sanchez Smotherman, a former inmate in St. Clair County Jail,[1] brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that during his incarceration at St. Clair County Jail, Defendants violated his constitutional rights by causing, or allowing, him to sustain an injury during an assault. Plaintiff seeks monetary damages.

**The Complaint**

Plaintiff's complaint consists of four allegations. First, Plaintiff alleges that "on about June 23, 2012, C.O./Sheriff John Doe #1 was negligent in his job description [and] violated [Plaintiff's] rights, by noticing [his] injury, being informed verbally by [Plaintiff] of [his] injury and still sending [Plaintiff] into/allowing [him] to stay in a place of danger" (Doc. 1, p. 5). Second, the St. Clair County Jail "ignored video surveillance and did not respond to situation in a timely manner." Third, Wexford Medical Center and its employees denied Plaintiff "appropriate medical attention and forced [him] to sleep on the floor with a broken jaw." Finally, John Doe #2 was responsible for Plaintiff's injuries that occurred during an assault.

---

[1] Plaintiff lists his current address as the Federal Correctional Institution in Pekin, Illinois. This institution is located within the federal judicial district for the Central District of Illinois.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Such is the case with Plaintiff's complaint.  He has not stated any claim.  It is not clear who Plaintiff is suing or why.  The allegations in the complaint are so vague that the Court must guess what claims Plaintiff is even attempting to assert.  The Court and the defendants are not obligated to do so.

2

A.      Eighth Amendment Failure to Protect Claim

        To the extent Plaintiff attempts to raise an Eighth Amendment claim against Defendants for failing to protect him from an assault (Count 1), Plaintiff's complaint fails to state a claim for relief.  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  To succeed on a claim for failure to protect, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and Defendants acted with "deliberate indifference" to that danger.  *Id.; Pinkston*, 440 F.3d at 889.

        Plaintiff must also prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  However, conduct that amounts to negligence or inadvertence is not enough to state a claim.  *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

        Plaintiff's four allegations do not satisfy this standard.   Plaintiff has provided no details regarding the assault.  It is not clear who perpetrated the assault.  It is also unclear what events gave rise to the assault or how prison officials responded to it.  Plaintiff does not include facts suggesting that prison officials had prior notice of a threat to Plaintiff's safety.  Given these shortcomings, Plaintiff's potential Eighth Amendment claim based on Defendants' failure to protect him shall be dismissed without prejudice.

B.      Eighth Amendment Excessive Force Claim

          Plaintiff has also failed to articulate a colorable Eighth Amendment claim based on the use of excessive force against him (Count 2).  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'"  *Wilkins*, 559 U.S. at 37 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  Plaintiff's complaint is so vague that the Court is left to guess whether Plaintiff is even asserting that a prison official used *any* force against him, failed to intervene in a prisoner assault, or otherwise.  Without more, Plaintiff's potential Eight Amendment excessive force claim fails and shall be dismissed without prejudice.

C.      Eighth Amendment Deliberate Indifferent to Medical Need Claim

          Finally, Plaintiff's potential Eight Amendment claim against Defendants for deliberate indifference to his medical need (Count 3) fails.  Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The standard set forth in *Estelle* includes both an objective and a subjective component.  *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

          To satisfy the objective component, Plaintiff must demonstrate that he is suffering from an "objectively, sufficiently serious" medical condition.  *Brennan*, 511 U.S. at 834 (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).  As the Seventh Circuit has made clear, "[a] 'serious' medical need is one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez*, 111 F.3d at 1371.

Once Plaintiff satisfies the objective component of this test, he must still satisfy the subjective prong of this inquiry by demonstrating that Defendants displayed deliberate indifference to his medical condition. Deliberate indifference is equivalent to reckless or intentional conduct. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). At a minimum it requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the prison official actually drew the inference. *Brennan*, 511 U.S. at 837.

Plaintiff's complaint mentions a broken jaw and the requirement that he sleep on the floor. These allegations form no basis for an Eighth Amendment claim for deliberate indifference to a serious medical need. Accordingly, the claim shall be dismissed without prejudice.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to present any factual allegations that may exist to support Eighth Amendment claims for failure to protect, for excessive force, and/or for deliberate indifference to his medical needs. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be **HELD IN ABEYANCE** pending receipt and review of an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) (including **COUNTS 1, 2,** and **3**) is **DISMISSED** without prejudice.

**DEFENDANTS JOHN DOE #1, JOHN DOE #2, JANE DOE #1,** and **WEXFORD MEDICAL CENTER** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a failure to protect, excessive force, and/or a deliberate indifference to medical need claim and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before August 29, 2013). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  July 24, 2013**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. District Judge**

7