#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANCHEZ SMOTHERMAN #32202-044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00638-MJR |
| | ) |
| ST. CLAIR COUNTY SHERIFF DEPT., | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| JANE DOE #1, JOHN DOE #1, | ) |
| JOHN DOE #2, and | ) |
| JOHN DOE #3, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff's first amended complaint (Doc. 20) is now before the Court for consideration in this case, which was reopened on March 16, 2015.[1] In it, Plaintiff claims that he was denied adequate medical care for a broken jaw at St. Clair County Jail in St. Clair County, Illinois (Doc. 20, p. 5). Plaintiff sues the St. Clair County Sheriff's Department, Barnes-Jewish Hospital, and four unknown officers for monetary damages (Doc. 20, p. 6).

---

[1] The procedural history of this case is complicated. Plaintiff filed the original complaint on July 1, 2013 (Doc. 1). After screening the complaint under 28 U.S.C. § 1915A, the Court concluded that it stated no claim for relief and dismissed the complaint without prejudice on July 25, 2013 (Doc. 8). Plaintiff was granted leave to file an amended complaint on or before August 29, 2013. He missed this deadline, and the Court dismissed the case on September 9, 2013 (Docs. 10-11). Many months later, Plaintiff filed a motion seeking relief from judgment on May 6, 2014 (Doc. 17). In the motion, Plaintiff claimed that he never received the Court's orders due to a series of transfers that coincided with the denial of his mail. The Court granted Plaintiff's motion for relief from judgment and reopened the case on March 16, 2015 (Doc. 19). He was given a second opportunity to file an amended complaint on or before April 20, 2015. Plaintiff filed a complaint prior to this deadline, but failed to designate it as the "First Amended Complaint" or list this case number on the pleading. A new case was opened. *See Smotherman v. St. Clair County Sheriff Dept., et al.*, No. 15-cv-00427-NJR (S.D. Ill. 2015) (Doc. 1). Once the error was discovered, the new case was closed (*Id.* at Doc. 3). The pleading was then filed as the "First Amended Complaint" in this matter (Doc. 20).

Page **1** of **9**

Plaintiff's first amended complaint is subject to preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss the pleading, or any portion thereof, if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). As discussed in more detail below, the pleading fails to state a claim upon which relief may be granted, and it shall be dismissed. However, the dismissal shall once again be without prejudice, and Plaintiff shall have one final opportunity to amend the pleading.

### First Amended Complaint

The statement of claim spans a single paragraph. There, Plaintiff alleges that he was assaulted by an unknown individual on an undisclosed date at St. Clair County Jail in St. Clair County, Illinois (Doc. 20, p. 5). He sustained a broken jaw. After observing Plaintiff's injury, an officer instructed him to "go back in the unit until [Plaintiff] had the exact name of the individual" (*Id*. at 5). Plaintiff alleges that he had to sleep on the floor "in some instances" with the broken jaw, although he does not allege when or how often (*Id.*).

At some point, Plaintiff was taken to St. Elizabeth's hospital for treatment. However, the transporting officers were advised to take Plaintiff to a facility with a trauma unit. He was taken to Barnes-Jewish Hospital, where Plaintiff was denied treatment. The pleading sets forth no other details regarding Plaintiff's injury or treatment. He requests $800,000.00 in monetary damages.

**Discussion**

Plaintiff's first amended complaint suffers from a number of infirmities that prevent this Court from fully analyzing his claims. The Court will address the more significant problems with the pleading below. Plaintiff will then be given one final opportunity to re-plead his claims.

**1.     *Twombly* Violation**

The pleading fails to state a claim upon which relief may be granted. This is largely because the statement of claim is threadbare. It consists of a single paragraph that fails to mention any of the six defendants.[2] Plaintiff does not describe what any particular individual did to violate his rights. He mentions no dates in connection with the events giving rise to his claims. He also alludes to no constitutional or statutory basis for relief. The Court is left to guess who did what and when.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). The short and plain statement under this rule does not need to include "'detailed factual allegations' but must have 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

---

[2] These defendants include St. Clair County Sheriff's Department, Barnes-Jewish Hospital, and four unknown ("Doe") defendants. The statement of claim does not refer to any of these defendants, let alone indicate what each defendant did to violate Plaintiff's rights.

The first amended complaint does not suggest that any defendant is liable for the misconduct alleged because it fails to mention a single defendant in connection with a claim of misconduct. Instead, Plaintiff sets forth loosely related factual allegations in narrative form, without reference to specific dates or claims. He fails to separate the factual allegations into separate paragraphs. Defendants cannot respond to these allegations because Plaintiff does not indicate which ones pertain to them.

Federal Rule of Civil Procedure 10 requires a plaintiff to "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and also requires that 'each claim founded on a separate transaction or occurrence' be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); FED. R. CIV. P. 10. The pleading should "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Id*. (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). The first amended complaint does not.

Until Plaintiff files a pleading that complies with these basic requirements, the Court cannot fully evaluate his claims. If he elects to file a second amended complaint, Plaintiff must clearly state, in separate numbered paragraphs, what each defendant did to violate his rights. When doing so, Plaintiff may refer to unknown defendants in generic terms (e.g., "John Doe"). He should make every effort to set forth the constitutional or statutory basis for relief against each defendant. If he states a viable claim against any unknown defendants, Plaintiff will be given an opportunity to properly identify them through discovery as the case progresses. Finally, to the extent possible, Plaintiff should include all factual allegations that support each claim in chronological order and list the relevant dates when each violation occurred.

**2.     State or Federal Custody**

Although not fatal to the first amended complaint, the Court could not determine with certainty whether Plaintiff was in state or federal custody on the date he originally commenced this action on July 1, 2013.  A civil rights action filed by a person in state custody is generally brought pursuant to 42 U.S.C. § 1983.  A civil rights complaint filed by a person in federal custody is generally brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The Court seeks Plaintiff's clarification on this point.

The Court opened this case as an action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  This appears to have been in error.  When using this Court's standard civil rights complaint form to file the original complaint, Plaintiff did not indicate whether he was filing the action as: (1) a civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983; (2) a civil rights complaint brought by a federal prisoner pursuant to 28 U.S.C. § 1331; or (3) a civil complaint brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  He included no mailing address when asked to do so on the first page of the form (Doc. 1, p. 1).  However, the final page of the complaint lists the Federal Correctional Institution in Pekin, Illinois ("FCI-Pekin"), as Plaintiff's address.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) lists the same address.  Likewise, Plaintiff's first amended complaint (Doc. 20) indicates that Plaintiff is filing the action as a federal prisoner pursuant to 28 U.S.C. § 1331.  If Plaintiff was, in fact, in federal custody on the date he commenced this action, the case is governed by *Bivens* and not Section 1983.

If he elects to file a second amended complaint, Plaintiff should clearly indicate whether he was in state custody or federal custody on July 1, 2013.

### 3. Arrestee, Pretrial Detainee, or Prisoner

Finally, the Court cannot discern whether Plaintiff was an arrestee, pretrial detainee, or prisoner at the time he was denied medical treatment for his broken jaw. Although Plaintiff has no duty to plead legal theories in his complaint, *see Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), he does have an obligation to plead enough facts to put each party on notice of the claims brought against him or her and to demonstrate that he is entitled to relief. *See* FED. R. CIV. P. 8(a). Plaintiff's claims arise from a broken jaw that Plaintiff sustained at St. Clair County Jail. Plaintiff does not list the date of his injury or the dates he was denied medical care. He also does not explain whether he was at St. Clair County Jail as a result of an arrest, pretrial detention, or following a conviction. This distinction is legally significant. Different legal standards govern claims brought by an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment).

The Fourth Amendment "governs the period of confinement between arrest without a warrant and the [probable cause determination]." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). An "objectively reasonable" standard applies to medical care claims brought by arrestees who have not yet had a probable cause hearing. *Id.* (citations omitted). The Fourteenth Amendment applies to medical claims brought by a detainee, as opposed to an arrestee or a prisoner. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Finally, the Eighth Amendment applies to medical claims brought by prisoners. *See, e.g., Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

The Court also seeks Plaintiff's clarification on this point. The second amended complaint should include information that, at a minimum, assists the Court in applying the

proper legal standard. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008). This information includes the reason for his detention at St. Clair County Jail and whether the alleged violation(s) of his rights occurred: (1) following his arrest but prior to a probable cause hearing; (2) following a probable cause hearing pending trial; or (3) following his criminal conviction.

## Disposition

**IT IS HEREBY ORDERED** that the first amended complaint (Doc. 20) is **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that Plaintiff is granted leave to file a second amended complaint, if he wishes to proceed with this case. When doing so, he must clearly label the pleading, "Second Amended Complaint," and use the case number for this action. The second amended complaint must state any facts that may exist to support a deliberate indifference to medical needs claim against the defendants and name the individual defendants who are directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before September 8, 2015). An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the second amended complaint must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider. Failure to file his second amended complaint by the above-listed deadline or consistent with the Court's instructions herein shall result in the dismissal of this action with prejudice. *See* FED. R.

CIV. P. 41(b). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on the defendants until after the Court completes its Section 1915A review of the second amended complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his second amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and a copy of the original dismissal order that was entered in this case on July 25, 2013 (Doc. 8).

**IT IS SO ORDERED.**

**DATED:  July 27, 2015**

<u>s/MICHAEL J. REAGAN</u><br>
<b>Chief District Judge</b>