**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SANCHEZ SMOTHERMAN #522588,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00638-MJR |
| | ) |
| **ST. CLAIR COUNTY SHERIFF DEPT.,** | ) |
| **BARNES-JEWISH HOSPITAL,** | ) |
| **JANE DOE #1, JOHN DOE #1,** | ) |
| **JOHN DOE #2, and** | ) |
| **JOHN DOE #3,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before the Court for consideration is the third amended complaint (Doc. 29) filed by Plaintiff Sanchez Smotherman in this reopened case on December 2, 2015.[1] Plaintiff claims that he was denied adequate medical care for a broken jaw in 2012 at St. Clair County Jail in St. Clair County, Illinois. (Doc. 29 at 5-6). He sues the St. Clair County Sheriff's Department, Barnes-Jewish Hospital, and four unknown Jail officials for monetary damages. (*Id*. at 7).

---

[1] The procedural history of this case is complicated. Plaintiff filed the original complaint on July 1, 2013. (Doc. 1). After screening the complaint under 28 U.S.C. § 1915A, the Court concluded that it stated no claim upon which relief may be granted and dismissed the complaint without prejudice on July 25, 2013. (Doc. 8). Plaintiff was granted leave to file an amended complaint on or before August 29, 2013. He missed this deadline, and the Court dismissed the case on September 9, 2013. (Docs. 10-11). Plaintiff filed a motion seeking relief from judgment on May 6, 2014. (Doc. 17). In the motion, Plaintiff claimed that he did not receive the Court's orders, due to a series of transfers that coincided with the denial of his mail. The Court granted Plaintiff's motion for relief from judgment and reopened the case on March 16, 2015. (Doc. 19). He was given a second opportunity to file an amended complaint on or before April 20, 2015. His amended complaint (Doc. 20) was dismissed on July 27, 2015, and he was given still another opportunity to file a properly amended pleading. Plaintiff responded, after multiple extensions, by filing a second amended complaint that lacked a request for relief. (Doc. 27). The Court gave Plaintiff one final opportunity to file a properly amended complaint, and the instant pleading (Doc. 29) represents his response.

Plaintiff's third amended complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss the pleading, or any portion thereof, if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The pleading survives screening under this standard.

## Third Amended Complaint

While detained at St. Clair County Jail on June 23, 2012, Plaintiff was assaulted by an unknown inmate ("John Doe #1"), who broke Plaintiff's jaw. (Doc. 29 at 5). Several minutes later, an unknown correctional officer ("John Doe #2") noticed Plaintiff's injury and called him out of the dorm where the assault occurred. The correctional officer asked Plaintiff to identify the inmate who assaulted him. When Plaintiff could not do so, the correctional officer sent Plaintiff back into the dorm.

There, Plaintiff discovered a second unknown inmate[2] stealing his personal property. When Plaintiff attempted to stop him, Plaintiff was again assaulted. He blames the second assault on the correctional officer, John Doe #2, who sent him back into the dorm and then failed to intervene and stop the second assault in a timely manner.

Once Jail officials realized the seriousness of Plaintiff's injuries, they sent him for treatment at St. Elizabeth's Hospital in Belleville, Illinois. He was immediately referred to Barnes-Jewish Hospital in St. Louis, Missouri. Plaintiff remained at Barnes-Jewish for 8-10 hours, before the hospital refused to treat him because of a dispute over who would cover the cost of treatment. Plaintiff was sent back to the Jail without treatment. Because his jaw began to heal improperly, it was eventually re-broken and surgically repaired on an undisclosed date.

---

[2] Plaintiff did not name the second unknown inmate as a defendant in this action.

Plaintiff describes "constant conflict" with the Jail's medical staff about the proper treatment for his injury. (*Id*. at 5). He complained regularly to the Jail's head nurse ("Jane Doe #1") and superintendent ("John Doe #3"), to no avail. (*Id*. at 6). His family filed complaints as well. The more that Plaintiff and his family complained, the more he was mistreated. He was in acute pain, but was often denied pain medication. He could not eat solid food, but was frequently denied a meal supplement (*i.e.*, Ensure). He was even stripped of his bed and forced to sleep on the Jail's floor for a total of fifteen days, resulting in additional pain in his back and neck. (*Id*.).

Plaintiff now sues St. Clair County Sheriff's Department, Barnes-Jewish Hospital, Jane Doe #1 (head nurse), John Doe #1 (inmate), John Doe #2 (correctional officer), John Doe #3 (superintendent) for monetary damages. (*Id*. at 7).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

**Count 1:** **Defendant John Doe #2 acted with deliberate indifference and failed to protect Plaintiff from a known risk of assault, in violation of Plaintiff's constitutional rights,[3] when the correctional officer sent Plaintiff back into the dorm where he was initially assaulted and then failed to timely intervene and stop his second assault on June 23, 2012.**

---

[3] Based on the allegations in the third amended complaint, it appears that Plaintiff was a pretrial detainee at the time of the events giving rise to his claim. Although the Fourteenth Amendment governs the claims of pretrial detainees, the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Counts 1, 2, and 3 passed muster under the higher of these two standards, *i.e.*, the Eighth Amendment. Therefore, regardless of Plaintiff's status, the Court is allowing these claims to proceed.

>    **Count2:**         **Defendants exhibited deliberate indifference toward Plaintiff's serious medical needs, in violation of Plaintiff's constitutional rights, when they denied him timely and proper treatment for his broken jaw in 2012.**
>
>    **Count 3:**        **Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail, in violation of Plaintiff's constitutional rights, when they made him sleep on the floor for a total of fifteen days in 2012.**
>
>    **Count 4:**        **Defendants retaliated against Plaintiff for complaining about his inadequate medical care, in violation of the First Amendment, by refusing to provide him with pain medication and meal supplements and forcing him to sleep on the floor for fifteen days.**

**Counts 1, 2, 3,** and **4** shall receive further review, as follows: **Count 1** shall proceed against Defendant John Doe #2 (correctional officer), in his individual capacity only; **Count 2** shall proceed against Defendants John Doe #2 (correctional officer), John Doe #3 (superintendent), and Jane Doe #1 (head nurse), in their individual capacities only; and **Counts 3** and **4** shall proceed against John Doe #3 (superintendent) and Jane Doe #1 (head nurse), in their individual capacities only.[4]

## Dismissal of Defendants

**St. Clair County Sheriff's Department** shall be dismissed without prejudice. The sheriff's department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v.*

---

[4] Plaintiff does not mention Defendant Jane Doe #1 (head nurse) or John Doe #3 (superintendent) in connection with the failure to protect claim (Count 1); Count 1 is dismissed without prejudice against these defendants. In addition, Plaintiff does not mention Defendant John Doe #2 (correctional officer) in connection with the conditions of confinement claim (Count 3) or retaliation claim (Count 4); Counts 3 and 4 are dismissed without prejudice against this defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff cannot state a claim against a defendant by including that defendant's name in the caption, but failing to include any allegations against him in the statement of claim).

*Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). Even if Plaintiff named the county in place of the sheriff's department, the county would still be subject to dismissal from the action.

In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The pleading suggests no such thing. The St. Clair County Sheriff's Department shall be dismissed without prejudice.

**Barnes-Jewish Hospital**, a private hospital located in Missouri, shall be dismissed from the action with prejudice. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Barnes-Jewish is not a "person" within the meaning of the Civil Rights Act, and thus cannot be made a party-defendant in this § 1983 action. *See, e.g., Babchuk v. Indiana University Health, Inc.*, -- F.3d --, 2016 WL 106237, at *4 (7th Cir. Jan. 11, 2016) (private hospital was not considered a state actor under § 1983). Moreover, the hospital was not "acting under color of state law" at the time it declined treatment of Plaintiff's broken jaw. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (7th Cir. 2009) (emergency care provided at a private hospital did not qualify as state action). Barnes-Jewish Hospital shall therefore be dismissed from this action with prejudice.

Finally, **John Doe #1**, the first inmate who assaulted Plaintiff, shall also be dismissed from this action with prejudice. The inmate attacker is also not considered a state actor who is subject to suit under § 1983, and he was not acting "under color of state law" at the time he

attacked Plaintiff. *Planned Parenthood of Indiana, Inc.*, 699 F.3d at 972 (quoting 42 U.S.C. § 1983). Under the circumstances, John Doe #1 shall also be dismissed with prejudice.

### Identification of Unknown Defendants

Although Counts 1, 2, 3, and 4 against Defendants Jane Doe #1 (head nurse), John Doe #2 (correctional officer), and John Doe #3 (superintendent) shall receive further review, Plaintiff has not identified any of these defendants with particularity. They cannot be served with the lawsuit at this time.

Where a prisoner's complaint states specific allegations describing conduct of individual defendants sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

In this case, Plaintiff, with the assistance of an attorney, will be given an opportunity to propound written discovery requests aimed solely at identifying Jane Doe #1 (Head Nurse), John Doe #2 (correctional officer), and John Doe #3 (superintendent). Under the circumstances, the Court finds that the current St. Clair County Sheriff, Rick Watson, is best-suited to respond to this discovery, and he shall be added as a defendant in this action (official capacity only) for

the sole purpose of identifying these defendants. Ultimately, it is Plaintiff's responsibility to provide the Court with the name and service address for these defendants. To assist Plaintiff in conducting discovery and identifying these unknown defendants in a properly prepared Fourth Amended Complaint, counsel will be appointed to represent Plaintiff. Unless otherwise ordered, counsel's appointment will be terminated once this process is complete.

### Disposition

The Clerk is **DIRECTED** to **ADD** Defendant **ST. CLAIR COUNTY SHERIFF RICK WATSON (official capacity only)** to the docket sheet in CM/ECF. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

**IT IS HEREBY ORDERED** that Defendants **BARNES-JEWISH HOSPITAL** and **JOHN DOE #1 (inmate)** are **DISMISSED** with prejudice from this action, and Defendant **ST. CLAIR COUNTY SHERIFF'S DEPARTMENT** is **DISMISSED** without prejudice because the third amended complaint fails to state a claim against any of these defendants upon which relief may be granted.

**IT IS ORDERED** that the following claims are subject to further review, once the unknown defendants are properly identified in a Fourth Amended Complaint: **COUNT 1** against Defendant **JOHN DOE #2 (correctional officer)**, in his individual capacity only; **COUNT 2** against Defendants **JOHN DOE #2 (correctional officer)**, **JOHN DOE #3 (superintendent),** and **JANE DOE #1 (head nurse)**, in their individual capacities only; and **COUNTS 3 and 4** against Defendants **JOHN DOE #3 (superintendent)** and **JANE DOE #1 (head nurse)**, in their individual capacities only. All other claims against these same defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that, because the identities of **JOHN DOE #2 (correctional officer)**, **JOHN DOE #3 (superintendent),** and **JANE DOE #1 (head nurse)** are not known, service of process will not occur until the defendants are identified.

In order to identify these unknown defendants, Defendant **ST. CLAIR COUNTY SHERIFF RICK WATSON (official capacity only)** has been named in this action, and he is ordered to respond to written discovery, or other requests, aimed at identifying **JOHN DOE #2 (correctional officer)**, **JOHN DOE #3 (superintendent),** and **JANE DOE #1 (head nurse)**.

The Clerk shall prepare for Defendant **RICK WATSON (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the third amended complaint, and this Memorandum and Order to this Defendant's place of employment. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Defendant **ST. CLAIR COUNTY SHERIFF RICK WATSON (official capacity only)** is **ORDERED** to timely file an appropriate responsive pleading to the third amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ALSO ORDERED** that the Court **APPOINTS** Attorney **BRIAN K. McBREARTY** of McBrearty, Hart, & Kelly, L.C., St. Louis, MO, to represent Plaintiff Sanchez Smotherman *in this case and in this Court only*. Counsel shall conduct only such discovery as may be necessary to ascertain the identity of **JOHN DOE #2 (correctional officer)**,

**JOHN DOE #3 (superintendent),** and **JANE DOE #1 (head nurse)**. Once the identities of these defendants are discovered, counsel shall prepare and file a Fourth Amended Complaint naming each defendant in the case caption and throughout the pleading. The Court should then be able to secure personal jurisdiction in this case and order service of process on these individuals.[5] The Fourth Amended Complaint **SHALL BE FILED WITHIN THREE MONTHS** of the entry of this order **(on or before April 15, 2016)**. Failure to identify **JOHN DOE #2 (correctional officer)**, **JOHN DOE #3 (superintendent),** and **JANE DOE #1 (head nurse)** will result in dismissal of the case.

The **CLERK** is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney McBrearty immediately.

On or before **January 29, 2016,** Attorney McBrearty shall enter his/her appearance in this case. Attorney McBrearty is free to share responsibilities with an associate who is also admitted to practice in this district court. However, assigned counsel shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk is **DIRECTED** to transmit this Order, copies of the docket sheet, and the third amended complaint (Doc. 29) to Attorney McBrearty. The electronic case file is available through the CM/ECF system.

**Plaintiff is advised that the Court will not accept any filings from him individually while he is represented by counsel,** except a pleading that asks that he be allowed to have

---

[5] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee that the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall serve upon Defendant(s) (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff's counsel shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant(s) or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including all further orders aimed at identifying the unknown defendants through discovery.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2016**

s/ **MICHAEL J. REAGAN**
**Chief Judge,**
**United States District Court**
