IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANCHEZ SMOTHERMAN,

        Plaintiff,

vs.                                        Case No. 13-cv-638-JPG-SCW

DON HUMPHREY, LEVI BRIDGES and
PHILLIP MCLAURIN,

        Defendants.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Sanchez Smotherman's *pro se* motion to reopen this case in light of his counsel's failure to file a Fourth Amended Complaint identifying the unknown defendants in a timely matter, which caused the Court to dismiss this case for lack of prosecution (Doc. 47).   Defendant Rick Watson responded to the motion, arguing that the Court should not reopen the case because it is old, Smotherman has had enough time to file an amended pleading, and the statute of limitations has passed without any reason for tolling it (Doc. 50).   The Court also considers Smotherman's appointed counsel's motion for leave to belatedly file the Fourth Amended Complaint (Doc. 54).   He represented in a February 8, 2017, telephone status conference and again in his motion that his failure to file an amended pleading was inadvertent.

The decision whether to reopen this case is governed by Rule 60(b).   It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).   Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).   The rule authorizes a Court to grant

relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.   *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

Rule 60(b)(1) allows a court to reopen a case that was closed because of inadvertence or excusable neglect.   Excusable neglect can include omissions through an attorney's carelessness and mistake.   *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (attorney's negligence in meeting summary judgment briefing deadline may be excusable neglect) (citing *In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993).   A court should determine whether an attorney's neglect is excusable by weighing the equities, taking into account all of the relevant circumstances. *Pioneer*, 507 U.S. at 395; *In re Bulic*, 997 F.2d at 302.   The court has discretion to determine whether neglect is excusable.   *Robb*, 122 F.3d at 361.

The Court finds the dismissal of Smotherman's case was due to his counsel's excusable neglect.   Counsel was appointed solely to conduct discovery to identify the unknown defendants and to amend Smotherman's *pro se* pleading.   He conducted that discovery and some settlement negotiations.   He neglected, however, to timely amend Smotherman's complaint.   The Court finds it would be inequitable to allow the dismissal to stand in light of the fact that it was not Smotherman's fault, there is no evidence Smotherman ever acted in bad faith, Smotherman did not select his own counsel so he has less reason to be forced to suffer from his counsel's errors, and allowing this case to remain dismissed after the statute of limitations has run would likely doom Smotherman's claims even though they were dismissed without prejudice.   The Court is aware that the passage of time means memories of witnesses may have faded and that the defendants are entitled to a timely end to this case.   Nevertheless, on balance, the Court finds it more appropriate to reopen this case to decide it on its merits (or on other procedural bases).

Therefore, the Court:

- **GRANTS** Smotherman's motion to reopen this case (Doc. 47);

- **VACATES** the order and judgment terminating this case (Docs. 45 & 46);

- **DIRECTS** the Clerk of Court to reopen this case;

- **GRANTS** Smotherman's motion for leave to amend the complaint out of time (Doc. 54);

- **ACCEPTS** the Fourth Amended Complaint (Doc. 53) as timely filed;

- **DIRECTS** the Clerk of Court to terminate Watson as a party to this case as he was not named in the Fourth Amended Complaint; and

- **TERMINATES** Smotherman's appointed counsel in this case as contemplated by Chief Judge Reagan when he appointed counsel only to accomplish specific tasks.

As to the newly identified unknown defendants, the Clerk of Court is **DIRECTED** to prepare a waiver of summons as to defendants **DON HUMPHREY, LEVI BRIDGES** and **PHILLIP MCLAURIN**.   Thus, as to defendants **HUMPHREY, BRIDGES** and **MCLAURIN** the Clerk of Court shall prepare:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the Fourth Amended Complaint (Doc. 53), the threshold order (Doc. 30), and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff.   If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.   This information shall be used only for sending the

forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **HUMPHREY, BRIDGES** and **MCLAURIN** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Further, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation

that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.   Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.
**DATED: February 21, 2017**


s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**